UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAID O'CLOVER, INC., Debtor, a Washington corporation, et al.,

Plaintiffs,

v.

CHEVRON USA INC., d/b/a CHEVRON PRODUCTS COMPANY, a Pennsylvania corporation, et al.,

Defendants.

NO. CV-03-3077-EFS

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CHEVRON U.S.A, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT DISMISSAL BASED ON LACK OF EVIDENCE OF DAMAGES AND STANDING**

On August 17, 2005, the Court heard oral argument on Defendant Chevron U.S.A., Inc.'s Motion for Partial Summary Judgment Dismissal Based on Lack of Evidence of Damages and Standing ("Damages and Standing Motion"), (Ct. Rec. 195). Mr. Randall P. Beighle appeared on behalf of Defendant Chevron U.S.A., Inc. ("Chevron"), while Plaintiffs Maid O'Clover, Inc. ("MOCC"), Maid O'Clover, South, Inc. ("MOCS"), and Maid O'Clover, East, Inc. ("MOCE"), collectively referred to as "MOC," were represented by Mr. James Perkins. After reviewing the submitted material, taking oral argument, and considering relevant authority, the

Court is fully informed and hereby **grants in part** and **denies in part** Chevron's Damages and Standing Motion, (Ct. Rec. 195).[1]

## II. Analysis

### A. Discrimination Claim under FIPA and GDBRA

Generally, it is a violation of the Franchise Investment Protection Act ("FIPA") and Gasoline Dealer Bill of Rights Act ("GDBRA") for any entity to "[d]iscriminate between franchises in charges offered or made for royalties, goods, services, equipment, rentals, advertising services, or in any other business dealing. . . ." R.C.W. §§ 19.100.180(2)(c) & 19.120.080(2)(b). Both FIPA and GDBRA authorize private actions for damages, but expressly limit plaintiffs' recoveries to "actual damages." *Id.* §§ 19.100.190(3) & 19.120.090(2); *Morris v. Int'l Yogurt Co.*, 107 Wash. 2d 314, 319 (1986) ("[T]he franchisee must show that the violation actually caused him to suffer damages, not merely that a violation occurred.")

Chevron urges the Court to dismiss MOC's FIPA and GDBRA price discrimination claims relating to wholesale prices offered to Tri-Cities dealers and MOC, who mainly operated in Yakima, Wenatchee, and Spokane. For the purposes of this motion, without admitting such facts, Chevron

[1]The factual background of this case and standard of review for motions for summary judgment can be found in the Court's September 16, 2005, Order Denying Plaintiffs' Motion for Partial Summary Judgment and Granting in Part and Denying in Part Defendant Chevron U.S.A., Inc.'s Motion for Partial Summary Judgment Under the Washington Franchise Investor Protection Act, (Ct. Rec. 341).

assumes for the purposes of this motion tha MOC is unable prove its claims of discrimination. However, Chevron argues these claims should nonetheless be dismissed because MOC is unable to prove it suffered any actual damage as a result of the discrimination. In the alternative, even if MOC can prove damage, Chevron does not believe MOC can present sufficient evidence to allow a jury to determine a damage award.

MOC claims Chevron's alleged discriminatory pricing practices harmed MOC by causing the Chevron dealers in the Tri-Cities market to "siphon off" customers from MOC in the Yakima market. This claim is consistent with deposition testimony given by Mr. Jeffery Loudon, former co-owner of MOC, in which he asserted his stores competed with the Tri-Cities market and that people commuting from Yakima to Hanford were buying gasoline in the Tri-Cities market because it was cheaper. (Ct. Rec. 199 at Ex. C.) MOC then goes on to explain a potential methodology the jury could use to determine the amount in damages MOC suffered as a result of the alleged discrimination, which is based on profit history and projected revenues.

Parties opposing summary judgment may not exclusively rely on mere assertions of fact to avoid an unfavorable ruling. *Anderson*, 477 U.S. at 248. Parties opposing summary judgment must come forward with admissible evidence capable of demonstrating a material fact is genuinely in dispute between the parties or that the moving party is not entitled to judgment as a matter of law. *Id.* In this instance, MOC asserts it lost business to Chevron retailers in the Tri-Cities market due to lower prices offered there, but does not support this assertion with any evidence. Mr. Loudon's claim of losing business to the Tri-Cities appears to be based

on his own logical deduction, but is in no way supported by corroborating evidence. Although Mr. Loudon's conclusion may be correct, MOC has failed to meet its burden of providing actual evidence of how it was harmed by inequities in pricing between Chevron's Yakima and Tri-Cities markets. To avoid summary judgment on this issue, MOC could have presented evidence of how Mr. Loudon came to this conclusion, but its failure to corroborate Mr. Loudon's assertion or present any other evidence of discrimination-related damages requires the Court to grant summary judgment on the issue of discrimination under FIPA and GDBRA with regard to MOC's claims of improper pricing in the Tri-Cities market.

**B. Damages Related to Registration Violations, Untrue Statements, and Material Omissions**

Under FIPA, franchisors must register franchise offers with Washington State authorities and disclose all material information to prospective franchises. R.C.W. §§ 19.100.020, .040, .070.[2] Further, the act provides that any

---

[2]Although GDBRA does not include a registration requirement, it does include a disclosure requirement similar to that found in FIPA. GDBRA prohibits any person in connection with the offer, sale, or purchase of any motor fuel franchise "[t]o sell a motor fuel franchise in this state by means of any written or oral communication which includes an untrue statement of material fact or omits to state a material fact necessary in order to make [other statements] not misleading." R.C.W. § 19.120.070(1).

> person who sells or offers to sell a franchise in violation of this chapter shall be liable to the franchisee or subfranchisor who may sue at law or in equity for damages caused thereby for rescission or other relief as the court may deem appropriate.

*Id.* § 19.100.190(2).[3] As is the case with claims of discrimination under FIPA and GDBRA, a plaintiff asserting violations with regard to registration or disclosure misconduct "must show that the violation actually caused him to suffer damages, not merely that a violation occurred." *Morris*, 107 Wash. 2d at 319.

Chevron moves the Court for summary judgment on MOC's claims of FIPA registration violations and untrue statements/material omissions regarding the sale of a franchise under FIPA and GDBRA. Chevron contends MOC is unable to establish it suffered any damages as a result of these alleged violations, and as such, cannot maintain these claims against Chevron.

MOC does not dispute Chevron's motion with regards to registration violations, but does claim it suffered damages as a result of alleged untrue statements and material omissions regarding Chevron's purported offer of a franchise under FIPA and GDBRA. In support of its position, MOC points to a plethora of financial projections, statistics, and other evidence it plans to introduce to demonstrate how its decision to enter the 1995 Jobber Agreement harmed the three MOC entities by making them less profitable. In simple terms, MOC alleges it would not have entered into the 1995 Jobber Agreement with Chevron had it been apprised of numerous facts it claims should have been disclosed under FIPA and GDBRA.

---

[3]The GDBRA includes a nearly identical damages provision. *See* R.C.W. § 19.120.090(1).

Had MOC not entered the 1995 Jobber Agreement, it believes it would not have suffered financial harms it ultimately experienced.

The evidence proffered by MOC regarding financial injury as a result of the jobber relationship demonstrates that an issue of material fact is genuinely disputed with regard to these claims. For this reason, summary judgment concerning MOC's FIPA and GDBRA claims for untrue statements and material omissions is denied. However, finding no dispute between the parties concerning FIPA registration violations, the Court grants Chevron summary judgment on that issue.

**C. MOCC and MOCE: Standing to Bring Breach of Contract Claims**

As Chevron has done in other motions with regard to different claims, it now asks the Court to dismiss any common law breach of contract claims MOCC and MOCE may have alleged in MOC's Complaint. Chevron relies on the fact the 1995 Jobber Agreement was signed by MOCS and not MOCC or MOCE. MOC opposes Chevron's claim, but limits its response to simply stating "all companies have standing to assert FIPA, GDBRA and misrepresentation causes of action against Chevron." (Ct. Rec. 243 at 13-15.) MOC apparently concedes its "Breach of Contract - Violation of Duties of Good Faith and Fair Dealing" claims only apply to MOCS as Chevron suggests. Because MOC has failed to present any argument, let alone evidence, to rebut Chevron's claim, the Court grants summary judgment on this issue to Chevron, holding MOCC and MOCE do not have standing to bring the breach of contract claims asserted in its Complaint.

Accordingly, **IT IS HEREBY ORDERED:** Defendant Chevron U.S.A., Inc.'s Motion for Partial Summary Judgment Dismissal Based on Lack of Evidence

of Damages and Standing, **(Ct. Rec. 195)**, is **GRANTED IN PART** (Tri-Cities pricing-related discrimination claim, FIPA registration violations, and MOCC and MOCE's standing to bring breach of contract claims) and **DENIED IN PART** (FIPA and GDBRA claims regarding false statements and material omissions).

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy to counsel.

**DATED** this 21st day of September, 2005.

S/ Edward F. Shea

EDWARD F. SHEA
United States District Judge

Q:\Civil\2003\3077.msj.damages.standing.wpd