UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MAID O'CLOVER, INC., Debtor, a Washington corporation, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>CHEVRON USA INC., d/b/a CHEVRON PRODUCTS COMPANY, a Pennsylvania corporation, et al.,<br><br>  Defendants. | NO. CV-03-3077-EFS<br><br>**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT CHEVRON'S MOTION FOR PARTIAL SUMMARY JUDGMENT DISMISSAL OF PLAINTIFFS' CLAIMS AS TIME-BARRED UNDER APPLICABLE STATUTORY LIMITATION PERIODS AND DENYING PLAINTIFFS MOTION FOR SUMMARY JUDGMENT RE: STATUTE OF LIMITATIONS** |

BEFORE THE COURT, without oral argument, is Defendant Chevron U.S.A., Inc.'s ("Chevron") Motion for Partial Summary Judgment Dismissal of Plaintiffs' Claims as Time-Barred Under Applicable Statutory Limitation Periods, (Ct. Rec. 122), and Plaintiffs' ("MOC's") Motion for Summary Judgment Re: Statute of Limitations, (Ct. Rec. 155). The Court has read all submitted briefs and relevant law and, for the reasons expressed below, **denies** in part and **grants** in part Chevron's Motion and **denies** MOC's Motion.[1]

---

[1] The factual background of this case and standard of review for

ORDER ~ 1

**I. Discovery Rule**

Generally, a statute of limitations begins to run when a plaintiff first suffers injury or damage. *In re: Estates of Hibbard*, 118 Wash. 2d 737, 744 (1992). However, where delay occurs between the occurrence of the injury and a plaintiff's subsequent discovery of it, Washington courts may apply the discovery rule. *Crisman v. Crisman*, 85 Wash. App. 15, 20 (1997) (citing *Allen v. State*, 118 Wash. 2d 753, 758 (1992)). Under this rule, "a cause of action accrues and the statue of limitation begins to run when a party discovers, or in the exercise of due diligence should have discovered, the facts giving rise to the case." *1000 Virginia L.P. v. Vertecs Corp.*, 112 P.3d 1276, 1281 (2005). Thus, "the discovery rule does not require a plaintiff to understand all the legal consequences of the claim" for an action to accrue. *Green v. A.P.C.*, 136 Wash. 2d 87, 95 (1998). The purpose of the rule is to balance the policies underlying statutes of limitations against the unfairness of dismissing a valid claim where "the plaintiff, due to no fault of her own, could not reasonably have discovered the claim's factual elements until some time after the date of the injury." *Crisman*, 85 Wash. App. at 20; *G.W. Constr. Corp. v. Professional Serv. Indus. Inc.*, 70 Wash. App. 360, 367 (1993).

---

motions for summary judgment can be found in the Court's September 16, 2005, Order Denying Plaintiffs' Motion for Partial Summary Judgment and Granting in Part and Denying in Part Defendant Chevron U.S.A., Inc.'s Motion for Partial Summary Judgment Under the Washington Franchise Investor Protection Act, (Ct. Rec. 341).

ORDER ~ 2

1    The determination as to whether a plaintiff exercised due diligence under the discovery rule is a question of fact. *Mayer v. City of Seattle*, 102 Wash. App. 66, 76 (2000); *Green*, 136 Wash. 2d at 100. A court may determine whether the plaintiff should have discovered facts for purposes of the discovery rule "if the facts are susceptible [to] only one reasonable interpretation, [otherwise] it is up to the jury to determine whether the plaintiff has met this burden." *Giraud v. Quincy Farm and Chemical*, 102 Wash. App. 443, 450 (2000).

While the discovery rule traditionally governed actions in tort, Washington courts recently held the rule also applies to contract actions in determining when a cause of action accrues. *1000 Virginia L.P.*, 112 P.3d at 1281 (citing *Architechtonics Constr. Management, Inc. v. Khorram*, 111 Wash. App. 725, 737 (2002)).

Chevron has failed to show no reasonable trier of fact could find other than for Chevron. The basic proposition underlying Chevron's claim is that rack pricing did not undergo radical changes during the period of 1995 to 2000. Thus, throughout the alleged period of MOC's ignorance, up until the 2000 Jobber Council Meeting, MOC had all the facts necessary to recognize the wholesale prices were responsible for the money loss. As such, Chevron asserts MOC should have suspected it had claims against Chevron for wrongful pricing and misrepresentation after MOC entered into the jobber agreement and prior to the 2000 Jobber Council Meeting.

In viewing the facts and drawing inferences in the manner most favorable to the non-moving party, the Court finds sufficient evidence exists to dispute this position. Chevron's own former state that a comparing Chevron's wholesale price and the street prices of competitors

will not conclusively inform a station owner whether the wholesale price being charged by Chevron is the same as that being charged to competitors. Mr. O'Neal indicated a host of factors can be involved, including: a competitor trying to pump volume while not gaining a high margin, the engagement of a price war, or a station simply trying to build up a marketplace while it expands. (Ct. Rec. 228-3 at 15.) In his deposition, Mr. O'Neal specifically stated the continued sale at a low price would not indicate the oil company was providing price support to the competitor. (Ct. Rec. 228-3 at 16.) Rather, it is possible the only way a station owner could determine the circumstances leading to unprofitable sales would be to ask for the assistance of his assigned retail people working in the area. *Id*. As Mr. Stiles – Chevron's representative for MOC's territory – stated, he did not inform Mr. Loudon of any TCAs being given by competitors until 1999 or 2000. (Ct. Rec. 228-4 at 4-5.) Mr. Stiles also pointed out that Chevron was not taking street prices into consideration. (Ct. Rec. 228-3 at 7.)

By combining the testimony of Mr. O'Neal and Mr. Stiles, the Court finds an issue of material fact exists as to whether MOC had an opportunity to learn Chevron's pricing was deficient, and therefore, the cause of MOC's financial troubles before Mr. Loudon attended the Jobber Council Meeting in 2000. Since the question of whether MOC, through the exercise of due diligence, could have discovered its alleged injuries is genuinely disputed, partial summary judgment is not proper for either party on this issue. Whether the discovery rule should be applied to toll the applicable statutes of limitations is an issue for the trier of fact. Accordingly, the Court **denies** Chevron's request to bar application

ORDER ~ 4

of the discovery rule – unless the statutory language underlying such claims explicitly states otherwise – and **denies** MOC's motion for summary judgment as to whether the discovery rule actually did toll its claims.

**II. Particular Statutes of Limitation**

In discussing the particular statutes of limitations for summary judgment purposes, the relevant time period the discovery rule may toll until is the spring of 2000. At this time, Mr. Loudon was attending the Regional Jobber Council Meeting, where he alleges he became aware the unresponsiveness of Chevron's wholesale pricing to competitors' wholesale pricing was responsible for MOC's financial problems.

**A. Franchise Investment Protection Act, RCW 19.100**

The Franchise Investment Protection Act ("FIPA") contains no express statute of limitations within its remedy section for violations of the sales practices provision, RCW 19.100.170. RCW 19.100.190. Where there is no express statute of limitations period and no limitations period is otherwise applicable under the Limitations of Actions Act, RCW 4.16 *et. seq.*, the "catchall" two-year statue of limitations of RCW 4.16.130 applies. *See Mayer*, 102 Wash. App. at 75 (no statute of limitations governs nuisance and negligent injury to real property, thus the catchall period applies); *see Gulf Oil Corp. v. Dyke*, 734 F.2d 797, 808 (Temp. Em. Ct. of App. 1984), *cert denied*, 469 U.S. 852 (1985) (Washington's two-year statue of limitations applied where Economic Stabilization Act possessed no specific statute of limitations).

However, this two-year "catchall" statue of limitations only applies where there is no other applicable statute of limitations. *McGowan v. Pillsbury Co.*, 723 F. Supp. 530, 537 (W.D. Wash. 1989). In Washington,

ORDER ~ 5

1  a three-year statute of limitations is applicable to "oral contracts and
2  fraud control." *Id*.; RCW 4.16.080(3)-(4). The relevant section under
3  RCW 4.16.080 provides a three-year statute limitations shall govern "an
4  action upon a contract or liability, express or implied, which is not in
5  writing, and does not arise out of any written agreement" and "[a]n
6  action for relief upon the ground of fraud." *Id*. Further, RCW
7  4.16.080(4) specifically states in cases of fraud a court should find
8  "the cause of action in such case not to be deemed to have accrued until
9  the discovery by the aggrieved party of the facts constituting the
10 fraud." *Id*.

11 The remedy section of FIPA contains no express statute of
12 limitations for violations of the bill of rights, RCW 19.100.180.
13 However, it does provide "the commission of any unfair or deceptive acts
14 or practices . . . prohibited by RCW 19.100.180 . . . shall constitute
15 an unfair or deceptive act or practice under the provisions of chapter
16 19.86 RCW." RCW 19.100.190(1). The Consumer Protection Act ("CPA"), RCW
17 19.86 *et. seq.*, provides: "[a]ny action to enforce a claim for damages
18 under RCW 19.86.090 shall be forever barred unless commenced within four
19 years after the cause of action accrues." RCW 19.86.120.

20 MOC has two separate types of claims under FIPA, violations of the
21 sales practices provision (§ 170) and violations of the franchisee's bill
22 of rights provision (§ 180). Since a two-year statute of limitations
23 only applies absent an applicable statute of limitations, and since
24 Washington law provides a three-year statute of limitations for oral
25 contract and misrepresentation claims, the Court finds the three-year
26 limit governs MOC's § 170 claims. Washington law also provides an

ORDER ~ 6

inherent discovery rule to actions stemming from fraud, giving further weight to the tolling of MOC's claims.  RCW 4.16.080(4).  Both Chevron and MOC agree the four-year statute of limitations stemming from the Consumer Protection Act should apply to MOC's claims arising under § 180.

In viewing the facts and drawing inferences in the manner most favorable to the non-moving party, the Court finds the application of a three or four-year statute of limitations under the tolling method of the discovery rule would not be fatal to either cause of action under FIPA. As such, the Court **denies** summary judgment dismissal of MOC's FIPA claims as time-barred.

**B. Gasoline Dealer Bill of Rights Act, RCW 19.120**

The Gasoline Dealer Bill of Rights Act ("GDBRA") creates a separate body of franchise law that applies specifically to agreements between motor fuel refiners/suppliers and motor fuel retailers.  While the GDBRA contains a remedy provisions without any express statute of limitations, the act does provide "it is the intent of the legislature that this chapter be interpreted consistent with chapter 19.100 RCW."  RCW 19.120.902.  Thus, the applicable statutes of limitations stemming from FIPA will apply to the corollary claims under GDBRA.

Therefore, since the Court finds the FIPA claims will survive summary judgment dismissal under the tolling method of the discovery rule, those arising under the GDBRA must also survive.  Accordingly, the Court **denies** summary judgment dismissal of MOC's GDBRA claims as time-barred.

**C. Consumer Protection Act, RCW 19.86**

As mentioned earlier, the applicable statute of limitations for actions arising under CPA are four years. Thus, any claims arising under FIPA and the GDBRA for deceptive acts or practices will be governed by a such a limitation. Further, Washington courts have previously extended the discovery rule to this CPA limitation provision. *Pickett v. Holland America Line-Westours, Inc.*, 101 Wash. App. 901, 913 (2000), *overruled on other grounds by Picket v. Holland America Line-Westours, Inc.*, 145 Wash. 2d 178 (2001) (citing *Reeves v. Teuscher*, 881 F.2d 1495, 1501 (9th Cir. 1989).

The Court finds MOC's claims arising from and related to the CPA would survive summary judgment dismissal under a tolling of the CPA's four-year statute of limitations. Accordingly, the Court **denies** summary judgment dismissal of MOC's CPA claims as time-barred.

**D. Negligence and Negligent Misrepresentation**

A three-year statute of limitations period governs claims of negligence and negligent misrepresentation. RCW 4.15.080(2), (4); *Sabey v. Howard Johnson & Co.*, 101 Wash. App. 575, 592 (2002). "The statute does not begin to run until the cause of action accrues – that is, when the plaintiff has a right to seek relief in the courts." *Sabey*, 101 Wash. App. at 592. "In the case of negligent misrepresentation, the plaintiff must also have discovered (or, in the exercise of due diligence, should have discovered) the misrepresentation." *Id*. Both Chevron and MOC agree a three-year statute of limitations should apply to claims under this heading. Under the tolling method of the discovery rule, these claims would thereby survive. As such, the Court

**denies** summary judgment dismissal of MOC's negligence and negligent misrepresentation claims as time-barred.

### E. Breach of Contract and Duty of Good Faith

The six-year statute of limitations generally applicable to an action based upon written contracts does not apply to actions involving contracts for sales governed by Article 2 of the Uniform Commercial Code. Rather, the UCC contains its own statute of limitations, which provides "an action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." RCW 62A.2-725(1); *W. Recreational Vehicles, Inc. v. Swift Adhesives, Inc.*, 23 F.3d 1547, 1549 (9th Cir. 1994). Further, for purposes of the statute, "[a] cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." RCW 62A.2-725(2); *W. Recreational Vehicles, Inc.*, 23 F.3d at 1549. Thus, a four-year statute of limitations applies for breaches of contract for sale.

During oral argument on August 17, 2005, regarding Chevron's Motion for Partial Summary Judgment of Plaintiffs' Claims Based on Alleged Misrepresentations, MOC conceded the discovery rule does not apply to any UCC Article 2 claims. Therefore, the Court finds any cause of action for contract sales brought by MOC accrued when the breach occurred, regardless of whether or not MOC could have discovered the breach through due diligence until the spring of 2000. As such, the Court **bars any breach of contract claims arising before January 10, 1999,** under the applicable four-year statute of limitations expressed in Washington's UCC under RCW 62A.2-725(1).

Accordingly, **IT IS HEREBY ORDERED:**

ORDER ~ 9

1. Defendant Chevron U.S.A., Inc.'s Motion for Partial Summary Judgment Dismissal of Plaintiffs' Claims as Time-Barred Under Applicable Statutory Limitation Periods , **(Ct. Rec. 122)**, is **DENIED IN PART** and **GRANTED IN PART;** and

2. Plaintiffs Maid O'Clover's Motion for Summary Judgment Re: Statute of Limitations , **(Ct. Rec. 155)**, is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy to counsel.

**DATED** this ___22nd___ day of September, 2005.


       S/ Edward F. Shea

            EDWARD F. SHEA
       United States District Judge

Q:\Civil\2003\3077.msj.time.barred.wpd

ORDER ~ 10